IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CARLETON W. ROGERS,** | : | |
| **Petitioner,** | : | |
| vs. | : | CIVIL ACTION 05-0573-WS-C |
| **MOBILE COUNTY JAIL,** | : | |
| **Respondent.** | : | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate who is presently incarcerated in Texas, filed a petition for habeas corpus relief under 28 U.S.C. § 2254 while he was incarcerated in this district (Doc.1). Petitioner's action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). It is the undersigned's recommendation that this action be transferred to the United States District Court for the Southern District of Texas, Victoria Division.[1]

---

[1] The address for the Court in Southern District of Texas, Victoria Division, is :

    Clerk, U.S. District Court
    P.O. Box 1638
    Victoria, Texas 77902

The Court has examined its docket and dockets of other courts for other actions filed by petitioner. Presently, there is pending on the docket for the Southern District of Texas, a civil rights action filed by petitioner, *Carleton Rogers v. Police Chief Wooldridge, et al.,* CA V-05-126.

The original petition (Doc. 1) and amended petition (Doc.8) indicate that petitioner is challenging the constitutionality of his conviction for assault on a police officer with a weapon and the resulting sentence rendered by the Circuit Court in Jackson County, Texas, which is located in the Southern District of Texas, Victoria Division. Because petitioner was incarcerated at the Mobile County Metro Jail in the Southern District of Alabama when he filed this action, this Court has concurrent jurisdiction over this action with the United States District Court for the Southern District of Texas. *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 497-501, 93 S.Ct. 1123, 1131-32, 35 L.Ed.2d 443 (1973).

This Court, however, may transfer petitioner's action pursuant to 28 U.S.C. § 2241(d) "in the exercise of its discretion and in the furtherance of justice[.]" This Court finds that the United States District Court for the Southern District of Texas is more familiar with the state courts within its district, and, in the event that an evidentiary hearing becomes necessary, it is a more convenient forum. *Id.* at 493-494, 93 S.Ct. at 1129. Therefore, it is recommended that, in the furtherance of justice, this action be transferred to the United States District Court for the Southern District of Texas for

---

Previously, petitioner has filed actions in this Court. *Carleton W. Rogers v. Bell, et al.,* CA 03-0853-WS-B (S.D. Ala. Sept. 1, 2004) (Doc. 1- complaint for false arrest in Edna, Jackson County, Texas), was dismissed for his failure to prosecute and obey the Court's order. The action of *Carlton Wayne Rogers v. Judge Murphy, et al.,* CA 88-296-CB-C (S.D. Ala. Mar. 13, 1989), was also dismissed for plaintiff's failure to prosecute and to obey the Court's order.

Furthermore, petitioner appears to have been convicted in this Court in *USA v. Thomas, et al.,* CR 97-256-RV-S, for possession of crack cocaine for which he received a sentence that included a 90-day period of imprisonment with the Bureau of Prisons.

further proceedings.

The attached sheet contains important information regarding objections to this report and recommendation.

**DONE** this 14th day of April, 2006.

                                                s/WILLIAM E. CASSADY
                                                UNITED STATES MAGISTRATE JUDGE

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.    *Objection*.  Any party who objects to this recommendation, or anything in it, must, within ten days of the date of service of this document, file specific written objections with the Clerk of this Court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.    *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

s/WILLIAM E. CASSADY
UNITED STATES MAGISTRATE JUDGE